WILSON, Judge.
This is an appeal by the Plaintiff from a decision of the Defendant Office of the Director of Regulations of the Mohegan Tribal Gaming Authority barring the Plaintiff from the Mohegan Sun. This Court sustained the plaintiffs appeal and held that there were no grounds to “bar” the plaintiff, and, treating the Order as a revocation of the plaintiffs gaming license, there was not substantial evidence in the record to affirm the defendant’s order. This Court directed the defendant to reinstate the plaintiff with back pay, and, if necessary, to take such other action as may be necessary to reinstate the plaintiff with back pay.
The defendant has moved to open and set aside the judgment. In its brief and at oral argument, the defendant contended that this Court, being a Court of limited jurisdiction, does not have the power to enter the judgment that was entered. That is, the Defendant claims that the power of the Court under the Constitution and Ordinances of the Mohegan Tribe, is limited to sustaining the appeal, but cannot go beyond that to order reinstatement and back pay. The defendant argues that the defendant itself is limited to a licensing function, and cannot hire or re-hire or pay back pay; and that this Court cannot direct that the defendant do so.
The plaintiff argues in effect, that the sustaining of his appeal would be a hollow victory if the remedy did not extend to the reinstatement and back pay. It would be, as the plaintiff phrased it, like informing a person that his driver’s license is reinstated, but that he still cannot drive the car.
For the following reasons, the Court denies the Defendant’s Motion.
This court recognizes that under the Constitution and Ordinances it is a Court of limited jurisdiction.
The Mohegan Constitution, Art. IX, Sec. 2, empowers the Tribal Council: “(o) To establish a tribal court system, defining the powers and duties of that court system.” Tribal Ordinance 95-2, Sec. 13, provides that “Final decisions of the Director of Regulation regarding the promulgation and enforcement of regulations and the issuance or revocation of gaming licenses shall be appealable to the Gaming Disputes Court.”
Ordinance Number 95-4 establishes the Gaming Disputes Court as a court of limit *534 ed jurisdiction, and not a court of general jurisdiction. Sec. 102. Nevertheless, the “Subject to the limits of this ordinance, all judges of the Gaming Disputes. Court shall have, and are hereby granted full judicial authority and are empowered to exercise the full range of legal and equitable powers and enjoy the full range of immunities attaching to judges of the Superior Court of the State of Connecticut.” Sec. 103 (emphasis added).
Whereas the Mohegan Tribe has sovereign immunity, it has been held that the tribe may waive that immunity. See Can-by American Indian Law 91 (3d Ed.1998), It has done so in this case.
M.T.O. 95-2 allows appeals of the decisions of the Director of Regulation to this court; and more expressly still, in M.T.O. 2002-13, the Tribe consents to suit in civil actions for relief as is expressly provided for pursuant to this Ordinance, in cases such as this Appeal. Section 3 of M.T.O. 2002-13 provides, as noted in the Memorandum of Decision of this Court dated December 24, 2002, that if the court finds that the decision appealed from was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, the court “shall sustain the appeal.” This court did find that the plaintiff was prejudiced by the defendant’s decision, which decision was not supported by substantial evidence. Therefore, the appeal was sustained. The defendant, in the motion under consideration, contends that the court cannot go further than sustaining the appeal. This argument however, must fail. The provisions of M.T.0.2002-13 Sec. 3(j), go on to empower the court, on sustaining an appeal, to “render a judgment under subsection (k) of this section or remand the case for further proceedings.” (Emphasis added.) In this case the Court has decided not to remand the case but to enter a judgment under subsection (k). That subsection provides that the Court may, litter alia, order particular agency action or order the agency to take such action as may be necessary to effect the particular action.
In this case, the court reaffirms its decision directing the defendant to reinstate the plaintiff with back pay. If the defendant in itself is without power to do so, it is directed as authorized by M.T.0.2002-13 Sec. 3(k), to take such action as may be necessary to effect such action, to reinstate the Plaintiff with back pay.
This order finds support and precedent in the statutes and common law of the State of Connecticut.
“To the extent that tribal law does not otherwise govern a dispute, the Gaming Disputes Court may apply relevant provisions of Connecticut law.” Mohegan Constitution, Art. XIII, Sec. 1. The substantive law of the Mohegan Tribe includes not only the Mohegan Tribal Ordinances and Regulations, but also the General Statutes of Connecticut and the Common Law of the State of Connecticut interpreting such statutes. See Ordinance 95-4, Sec. 301.
As the defendant correctly noted, M.T.O.2002-13 Sec. 3(j) and (k) is substantially the same as, if not identical to, Connecticut General Statutes Sec. 4-183, the Connecticut Administrative Procedures Act. Hence, Connecticut cases interpreting Sec. 4-183 are relevant. One such case is McDermott v. Commissioner of Children and Youth Services, 168 Conn. 435, 363 A.2d 103 (1975). That case was an appeal from a decision of the defendant Commissioner discharging the plaintiff from her position as a teacher. It was taken under the Connecticut Administrative Appeal Act, the relevant provisions of which were the same as those of M.T.0.2002-13; in particular, Sec. 4—183(g) was identical to M.T.0.2002-13 Sec. 3<j).
*535 The trial court entered a judgment sustaining the plaintiff’s appeal and ordering the plaintiff reinstated with back pay and benefits. The defendant appealed and the Supreme Court, in dicta, said that the remedy fashioned by the court below may be well within the scope of powers specified in Sec. 4-183. 168 Conn. At 445, N.7. In other words, the Court, upon a finding that one of the criteria of Sec. 4-183(g) applies, [here, M.T.O.2002-13 Sec. 3(j)], is empowered to order reinstatement, back pay and benefits. 168 Conn, at 446, 363 A.2d 103.
For the foregoing reasons, the Defendant’s Motion to Open and Set Aside the Judgment is denied. Exercising the equitable powers conferred by M.T.O. 95-4, the Court affirms its order directing the Defendant to reinstate the Plaintiff with back pay retroactive to the date of his termination; and, if applicable to take such other action as may be necessary to reinstate the Plaintiff with back pay.